# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| BILLY DERON MERRITT, ) | | |
| ) | | |
| Movant, ) | | |
| ) | | |
| v. ) | Case No. | CV409-183 |
| ) | | CR408-205 |
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Respondent. ) | | |

## **ORDER**

After pleading guilty to violating 18 U.S.C. § 922(g)(1) (possession of firearms by a convicted felon), *United States v. Merritt*, CR408-205, doc. 30 (S.D. Ga. Jan. 28, 2009), Billy Deron Merritt moved the Court for an extension of time to file an out-of-time appeal. Doc. 32. The Court confronted defense counsel. Doc. 37. Counsel represented that he had repeatedly asked Merritt about an appeal and yet Merritt declined. Doc. 38. The Court then denied Merritt's extension request. Doc. 39. He appealed anyway, but the appellate court dismissed it as untimely. Docs. 41, 50.

Contending that he wanted to appeal but counsel failed to comply, Merritt now moves for 28 U.S.C. § 2255 relief, claiming ineffective assistance of counsel (IAC). *Merritt v. United States*, doc. 1 (Nov. 30, 2009).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969), his attorney's failure to file an appeal after defendant requests him to do so entitles him to an out-of-time appeal, even without a showing that the appeal would have had merit. *Flores-Ortega*, 528 U.S. at 477.

At first glance this case follows a familiar pattern: A defendant takes no direct appeal, then files a § 2255 motion in this Court claiming that he told his lawyer he wanted to appeal and that his lawyer dropped the ball. *See, e.g.*, *Varela-Andino v. United States,* 2007 WL 4224821 at * 1, 4 (S.D. Ga. Nov. 27, 2007); *Telfair v. United States*, 2008 WL 4974821 at * 4 (S.D. Ga. Nov. 21, 2008). The Court then inquires, sometimes by way of a hearing, into the merits of defendant's claim. *See Irick v. United States,* 2009 WL 2992562 (S.D.Ga. Sept. 17, 2009), *adopted*, 2009 WL 3401713 (S.D. Ga. Oct. 21, 2009). Here the Court would ordinarily travel the *Irick* route and thus direct Merritt to swear to his factual assertions, then have his lawyer rebut same, then hold a hearing on whether Merritt is entitled to an

out-of-time appeal. *See Irick*, 2009 WL 2992562 at * 2. But screening his case under 28 U.S.C. § 2255 Rule 4(b) reveals cause for different treatment.

Merritt cites his counsel's failure to appeal not only as a substantive ground, but as cause for procedurally defaulting (by not timely appealing)[1] his other substantive claim, repetitively raised in Grounds One and Two. There he contends that, in light of *Chambers v. United States*, ___ U.S. ___, 129 S.Ct. 687 (2009), and *Begay v. United States*, ___ U.S. ___, 128 S.Ct. 1581(2008), his U.S.S.G. § 2K2.1(a)(2)-enhanced sentence is invalid because the government failed to show the two predicate offenses required to support such a sentence. Doc. 1 at 5. Had his lawyer been effective and thus *Begay/Chambers*-challenged his sentencing, he further contends, he would have received a lower sentence. Doc. 1 at 3-5; *see also id.* at 5 ("Had

---

[1] "Ordinarily, if a claim has not been raised on direct appeal, it is deemed procedurally barred for purposes of review in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir.1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir.1989). However, a petitioner can obtain review of an otherwise procedurally barred § 2255 claim by showing both cause for the failure to raise the claim on appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055." *Ellis v. United States*, 2009 WL 326194 at * 4 (M.D. Ala. Oct. 8, 2009); *see also Massaro v. United States*, 538 U.S. 500, 503-04 (2003) (generally, claims not raised on direct appeal may not be raised on collateral review unless petitioner shows cause and prejudice).

Ineffective assistance claims "may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 504. Indeed, they can supply cause for failing to raise an issue on direct appeal. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

3

counsel raised this [*Begay/Chambers*] claim there is a reasonable probability that the result of the sentencing would have been different and [Merritt] would have received a 37 month sentence instead of the 66 months he received.").

Merritt's filing makes clear that he is advancing a § 2255, as opposed to a missed-appeal, case. Doc. 1 at 13 (seeking resentencing only, not a late appeal); doc. 2 at 12 (same). Consequently, no *Irick* treatment is warranted since the focus is not whether a late appeal is justified, but whether § 2255 relief -- in the form of a new sentencing hearing -- should be granted. In that regard, "[a] defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) is ordinarily subject to a statutory mandatory maximum sentence of ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2)." *United States v. Lee*, 586 F.3d 859, 866 (11th 2009); *United States v. Townsley*, 322 Fed. App'x 837, 839 (11th Cir. 2009) (defendant's three prior Florida convictions for carrying a concealed firearm did not constitute convictions for violent felonies under Armed Career Criminal Act (ACCA), and thus his enhanced mandatory minimum sentence upon his federal conviction for being a felon in possession of firearm was unwarranted); *United States v. Brunson*, 2009 WL 3583159 at * 2 (11th Cir. Nov. 3, 2009) ("Willfully fleeing or eluding a police officer combined with

4

driving at a high rate of speed or in a manner that wantonly disregards the safety of others could escalate into a high-speed chase that threatens pedestrians, other drivers, or officers. Thus, in the light of *Chambers*, we conclude that a conviction [for that under state law] qualifies as a "violent felony" under the ACCA.").

Both *Begay* and *Chambers* dealt with ACCA-enhanced sentences. The question in *Begay* was whether driving under the influence of alcohol (a felony under New Mexico law) was a "violent felony" as defined by ACCA. The *Begay* Court concluded that it was not. *Begay*, 128 S.Ct. at 1583; *see also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (holding, on post-*Begay* remand, that "the crime of carrying a concealed firearm [under Florida law] may no longer be considered a crime of violence under the Sentencing Guidelines."). *Chambers* concluded that an Illinois conviction for "failure to report" for penal confinement was not a "violent felony" under ACCA's residual provision. *Chambers*, 129 S.Ct. at 692.

Here Merritt was charged with violating 18 U.S.C. § 922(g)(1) and § 924(a)(2). *Merritt*, No. CR408-205, doc. 1. Section 924(a)(2) is an ACCA provision: "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2). It thus advances an

underlying, violent-felony "enhancement" charge. Merritt details why he contends that his prior convictions were not crimes of violence and thus why he is "actually innocent of the § 2K2.1(a)(2) Enhancement."[2] Doc. 2 at 4-9 (plausibly analyzing, under current case law, why each crime does not fit into that category once compared to post-*Begay* cases).

His sentencing judge's Statement of Reasons, for that matter, shows that the judge adopted the Presentence Investigation Report (PSI) without change. *Id.* at 1. The PSI noted:

> The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 922(g)(l) is found in U.S.S.G. § 2K2.1(a)(2) and calls for base offense level of twenty-four since the defendant committed the instant offense subsequent to sustaining at least *two felony convictions* for an offense that is a crime of *violence* (see paragraphs 32 and 35).

PSI at 5 (emphasis added). The PSI identified those two violent felonies as (a 1994 charge) "Terroristic threats and acts" under Georgia law, as well as a cluster of 1998 offenses, with "aggravated assault upon a police officer" presumably the second violent felony. *Id.* ¶¶ 14, 32, 35. After sifting

---

[2] "The ACCA defines the term 'violent felony' as 'any crime punishable by imprisonment for a term exceeding one year' that '(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.' 18 U.S.C. § 924(e)(2)(B)." *Townsley*, 322 F. App'x 837, 839; *see also id.* at 840 (the *Begay* test applies to both the ACCA and career offender guideline cases).

through various factors, the PSI concluded that, "[p]ursuant to U.S.S.G. Chapter 5, Part A, based on a total offense level of twenty-one and a criminal history category of VI, the guideline range for imprisonment is seventy[-]seven to ninety-six months." *Id.* at 17. Too, "[t]he probation officer [who prepared the report] ha[d] no information concerning the offense or the defendant which would warrant a departure from the prescribed sentencing guidelines." *Id.* at 18. Still, Merritt received a downward departure to 66 months. Doc. 30 at 1.

Merritt nevertheless contends that *Begay* and *Chambers* are retroactively applicable, and had those cases been applied (*Begay* was issued before his sentencing, *Chambers* after), his adjusted base offense level would have been 17, his criminal history category would have been a IV, and his resulting sentencing range would have been 37 to 46 months, not 77 to 96 months.[3] Doc. 1 at 4; doc. 2 at 9. But since his lawyer never raised such arguments, he concludes, he received ineffective assistance and thus is entitled to resentencing under the lower sentencing range. Doc. 2 at 10, 12.

---

[3] The probation office has determined that, assuming no violent felonies were counted, Merritt's total offense level would have been twelve with a criminal history category of VI. That, in turn, would have subjected him to a 30-37 month guideline range for imprisonment.

7

Courts have said that "*Begay* announced a new substantive rule of law subject to retroactive application to cases on collateral review." *Kendrick v. United States*, 2009 WL 2958976 at * 2 (M.D. Fla. Sep. 15, 2009); *Frederick v. United States*, 2009 WL 2488965 at * 9 (S.D. Fla. Aug. 12, 2009). More importantly, Merritt was sentenced *post-Begay*, so there is no retroactivity issue with respect to that case.

The Court notes that § 2255 movants must raise a constitutional claim. *Hunter v. United States*, 559 F.3d 1188, 1189 (11th Cir. 2009) (because a prisoner erroneously sentenced as an armed career criminal had failed to show the denial of a constitutional right, he could not attack his sentence in a § 2255 proceeding), cited in *United States v. Coley*, 2009 WL 2019859 at * 2 (11th Cir. July 14, 2009) (defendant's challenge to his status as a career offender was non-constitutional issue that could have been raised on direct appeal, and thus was not cognizable on collateral review as a motion to vacate his sentence); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996) (mistakes in the application of the sentencing guidelines are non-constitutional errors); *Davis v. United States*, 2009 WL 2905906 at * 2 (M.D. Fla. Sep. 8, 2009).

Here Merritt *is* raising a constitutional claim -- his IAC allegation.[4] What emerges here, then, is a defendant who accepted his appointed counsel's allegedly deficient legal advice and in reliance upon it did not contest an otherwise challengeable sentence at sentencing, nor sought to appeal it. Evidently Merritt himself then researched the issue (or found a "prison lawyer"), discerned the perceived error, and now seeks to remedy it through an IAC-based § 2255 motion which, this Court concludes, survives Rule 4(b) screening. *Compare Hunter,* 559 F.3d at 1191 (defense counsel's failure to argue that felon in possession of firearm defendant's prior convictions for carrying a concealed weapon were not violent felonies under the ACCA was not deficient, as element of claim of ineffective assistance of counsel; when original sentence and direct appeal occurred, precedent foreclosed argument that carrying a concealed weapon was not a violent felony under the ACCA) *with United States v. Polk,* 577 F.3d 515, 520 (3rd Cir. 2009) (The admission of defendant's attorney, that at sentencing he

---

[4] Arguably he does not -- in his § 2255 *motion* -- raise IAC as a substantive ground for relief, see doc. 1, only as (evidently) cause to excuse procedural default. He does raise it as a substantive issue in his supporting *brief,* however, which he filed on the same day and referenced in his motion. Doc. 2 at 10-11. Since he is proceeding pro se, he is entitled to a liberal construction. *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir.1997). Hence, he is raising IAC as a substantive claim.

missed the arguable effect of the then-recent *Begay* opinion on career-offender designations, established that defendant received ineffective assistance, thus requiring resentencing; the oversight was objectively deficient at time of the omission, and it prejudiced defendant, since the result of the sentencing proceeding would have been different).

The Clerk shall serve the government, which shall respond with full briefing. *See* 28 U.S.C. § 2255 Rule 4(b).

This 22nd day of December, 2009.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA